**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALEXANDRA KUCZYNSKI, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GEICO ADVANTAGE | : | |
| INSURANCE COMPANY, | : | No. 15-6271 |
| Defendant. | : | |

**MEMORANDUM**

Schiller, J.                                                    February 1, 2016

     Alexandra Kuczynski filed a breach of contract claim seeking uninsured motorist coverage against Geico Advantage Insurance Company ("Geico") in the Eastern District of Pennsylvania. Geico has filed a motion to transfer venue for the convenience of the parties, arguing that this litigation should be shipped to the District of Delaware. The Court disagrees and will therefore deny the motion.

## I.    FACTUAL BACKGROUND

     Kuczynski lives in and is a citizen of Delaware. (Compl. ¶ 1.) Geico is a citizen of Maryland. (*Id*. ¶ 2.) On May 21, 2015, Kuczynski was driving in Wilmington, Delaware on Lincoln Street near its intersection with 5th Street, when her vehicle was hit by a car that had ignored a stop sign. (*Id*. ¶ 7.) The car that hit Kuczynski's vehicle fled the scene. (*Id*. ¶ 8.) At the time of the accident, Kuczynski was a named insured under an automobile insurance policy issued by Geico. (*Id*. ¶ 5.) Kuczynski suffered serious injuries requiring medical attention. (*Id*. ¶¶ 10-13.) The policy provided for uninsured motorist benefits in the amount of $100,000 per person and $300,000 per accident. (*Id*. ¶ 6.) Kuczynski made a claim under the policy. (*Id*. ¶ 9.) Plaintiff's Complaint includes a single

claim against Geico for uninsured motorist benefits.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts possess broad discretion in deciding motions to transfer venue and approach such motions on a case-by-case basis. *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The moving party bears the burden of proving that venue is proper in the transferee district and that a transfer is appropriate. *Lindley v. Caterpillar, Inc.*, 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000); *see also Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

## III.    DISCUSSION

Since there is no argument made that venue is improper in this District, Geico's request to transfer venue of this litigation is made pursuant to 28 U.S.C. § 1404. Kuczynski argues that Geico has not met its burden and that the plaintiff's choice of forum is entitled to great deference.

There is no dispute that venue is proper in Delaware. *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."). The issue is thus whether Geico has demonstrated that a transfer is appropriate. Courts in the Third Circuit apply a multi-factor test to determine whether transfer is appropriate, weighing private and public interests. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995). The private interests include: (1) the plaintiff's choice of forum; (2) the

2

defendant's choice of forum; (3) where the claims arose; (4) the convenience of the parties given their relative physical and financial condition; (5) the convenience of the witnesses to the extent they may be unavailable for trial in a given forum; and (6) the location of books and records to the extent they could not be produced in the alternative forum. *Id*. at 879. The public interests include: (1) the enforceability of the judgment; (2) practical considerations of trial logistics; (3) the relative court congestion of the two fora; (4) the local interests of each forum in deciding local controversies; (5) the public policies of the fora; and (6) the judges' relative familiarity with the applicable law. *Id*. at 879–80.

### A.    Private Factors

Normally, the plaintiff's choice of forum is entitled to great weight. *Shutte*, 431 F.2d at 25; *see also Wilson v. State Farm Mutual Auto. Ins. Co.*, Civ. A. No. 04–1562, 2004 WL 1551743, at *2 (E.D. Pa. July 8, 2004). Here, however, Kuczynski's choice is entitled to less deference because she does not reside in the chosen forum and the incident giving rise to her claim occurred outside of her chosen forum. *See Cameli v. WNEP–16 The News Station*, 134 F. Supp. 2d 403, 405–06 (E.D. Pa. 2001); *see also Matt v. Baxter Healthcare Corp.*, 74 F. Supp. 2d 467, 470 (E.D. Pa. 1999) ("A locale that is not the home of the plaintiff and where few of the operative facts occurred is entitled to less weight."); *see also Tranor v. Brown*, 913 F. Supp. 388, 391 (E.D. Pa. 1996) ("Here, since plaintiffs, non-district residents, have no connection with this district, their choice of forum is not entitled to great weight.") Given the circumstances of this case, Plaintiff's choice of forum is entitled to minimal deference. Still, however, this factor weighs against a transfer, albeit slightly.

Turning to where the claims arose, Plaintiff lives in Delaware and the car accident underlying her uninsured motorist claim occurred in Delaware. Moreover, the insurance policy was issued in

3

Delaware, and Kuczynski sought medical treatment in Delaware. These facts all favor transfer to the District of Delaware. *See Idasetima v. Wabash Metal Prods.*, Civ. A. No. 01-197, 2001 WL 1526270, at *2 (E.D. Pa. Nov. 29, 2001); *see also Ryle v. NES Rentals*, Civ. A. No. 04–3708, 2004 WL 2609121, at *1 (E.D. Pa. Nov. 16, 2004). However, neither party suggests that any witnesses or evidence will be unavailable  or could not be produced in this District. Because party witnesses can be compelled to attend trial, the convenience of witnesses is only relevant "to the extent that the witnesses may actually be unavailable for trial in one fora." *Jumara*, 55 F.3d at 879; *Sunds Defibrator, Inc. v. Durametal Corp.*, Civ. A. No. 96–483, 1997 WL 74660, at *3 (D. Del. Jan. 31, 1997) ("[W]hile convenience of the witnesses is a factor, it is important only to the extent the witnesses would be unavailable for trial in one of the fora."). Geico has failed to point out any non-party witnesses who be unavailable in this District but would be able to testify in Delaware. Moreover, Geico is a large insurance company that should not be inconvenienced or harmed financially by litigating in this District rather than the District of Delaware. The close proximity of the districts at issue here makes a transfer unnecessary for the convenience of the parties.

Taken as a whole, the private factors are largely neutral. They certainly do not compel a transfer.

### B.    Public Factors

Similar to the private factors, the Court considers the public factors largely neutral here. A judgment will be enforceable in either district, and Geico has not demonstrated that docket congestion is an issue. Additionally, this is a breach of contract case, and though Delaware contract interpretation will likely be required, there is no reason to believe that a federal judge in Delaware is needed to address local issues. Indeed, because this is a breach of contract case likely to proceed

to mandatory arbitration, practical considerations of trial logistics may never become an issue. There is simply no public interest factor that tips the scales in favor of transfer. Because Geico has failed to offer any compelling reason why transfer is appropriate, Plaintiff's choice of venue prevails.


IV.     **CONCLUSION**

In about the time Geico claims you could save money on car insurance, you could also hop on I-95 and travel between the Eastern District of Pennsylvania and the District of Delaware. The burden of demonstrating the need for a § 1404 transfer rests with the defendant and that burden has not been met here. Geico's motion to transfer venue to the District of Delaware is denied. An Order consistent with this Memorandum will be docketed separately.